ORIGINAL

In the United States District Court
For the District of Hawaii

| | |
|---|---|
| Anthony Nesbit<br>Plaintiff<br>vs.<br>Dept of Public Safety<br>State of Hawaii et al,<br>Defendants | Civil No. 03-00455 SOM-KSC<br>Consolidated<br><br>Plaintiffs Motion for<br>Discovery Sanctions and<br>2nd Enlargement of time<br>with Exhibits |
| William J. Kotis<br>Plaintiff<br>vs.<br>Dept of Public Safety<br>State of Hawaii et al,<br>Defendants | Civil No. 04-00167 SOM-KSC<br>Consolidated |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
FEB 07 2006
at 4 o'clock and 25 min. P M
SUE BEITIA, CLERK

Plaintiffs Motion for Discovery Sanctions and 2nd Enlargement of time.

Comes Now Plaintiffs Anthony Nesbit and William J. Kotis pro se and in forma pauperis to move this Honorable Court to issue sanctions and grant Plaintiffs request for enlargement of time or reasonable alternatives that the Honorable Court can use to resolve Motions, request, and issues presented herein.

A Motion to Compel came before this Honorable Court on December 5th 2005 and an Order from the Honorable Magistrate Kevin S. Chang was issued December 7th 2005. A hearing on an unrelated matter by telephone came in late December 2005 before the Honorable Magistrate Kevin S. Chang in which Plaintiff Anthony Nesbit put forth the question to Defendants attorney John M. Cregor Jr. on when Plaintiffs can expect

page 1 of 5

to recieve the Ordered Discovery Materials as described in the Magistrates Order of Dec 7th 2005 the Deputy Attorney General Mr. Chen said on record that they will be produced by January 15th 2006.

As of yet no Discovery Materials have been produced by defendants (documents and interrogatories) and it is now Feb 1st 2006. Plaintiffs are faced with a deadline to produce this new evidence (Ordered Discovery Materials) before Feb 16th 2006 in order to support their Opposition to Defendants Motion for Summary Judgement.

Plaintiffs have tryed to resolve discovery disputes and have personally written 2 letters informing defendants attorney that the Ordered Discovery Materials are needed because Plaintiffs are facing time limitations in presenting this evidence before Feb 16th 2006. Plaintiffs request for resolve and or reply to letters sent were never responded to basically ignoring Plaintiffs attempts to resolve these issues within a reasonable time. (can also be delay tactic)

Plaintiffs are asking for Sanctions and or whatever alternative the Honorable Court deems fit in order to resolve Ordered discovery Materials. Plaintiffs believe that defendants are frustrateing the discovery process intentionally, knowing that aside from time limitations to produce discovery items, pro se inmates are limited in aquireing copies, research law library time, timely copies this also requires additional time making it extremely difficult to adequately litigate in the time frame Plaintiffs are facing.

There also is a issue that only the Honorable Court can clarify and in the Honorable Courts Order of December 7th 2005 at pages 8 and 9 - Quote - "Defendants have agreed to answer the interrogatories as they relate to each individual defendants individual capacity." "Based on these findings Defendants are directed to answer interrogatories Number 1-30 (excluding 17, 18, 19 and 20)" - end of quote -

3

Plaintiffs interprets the words "to each individual defendant" as meaning all defendants in their individual capacity to answer interrogatories.

Plaintiffs are requesting clarification as defendants attorney may wish to limit answers to interrogatories to a select few defendants and argue reason for this. Clarification at this point will prevent further discovery disputes on this matter. In order to get a clear picture of the challenged housing practice plaintiffs agree that each defendant must answer interrogatories and if they do not wish to, statements must be made as to why they will not answer interrogatories.

Plaintiffs now put forth this Motion because of their limitations for time to acquire legal copies, research and most likely a second set of interrogatories after recieving answers to the first set of interrogatories all this is time consuming, and puts Plaintiffs at a disadvantage at being able to litigate adequately their opposition and complaint, considering no discovery items have yet been produced.

Plaintiffs are in agreement that if Discovery items as ordered are not recieved within a reasonable time that Defendants motion for Summary Judgement be denied and then this Case can move forward to trial and or any other sanctions as the Honorable Court deems fit.

Plaintiffs have a concern as to Defendants questionable tactics in presenting altered or doctored declaration in order to suit defendants attorneys need to escape liability, this is shown in exhibits attached herein.

Plaintiffs pro se cannot understand how these two (2) separate declarations from Monica Lortz only 6 days apart from each other can state a key element in the original and then leave this out in a exact duplicate declaration only 6 days later.

Plaintiffs will explain their suspicions and in Monica Lortz declaration submitted as evidence in their conference letter brief defendants presented this before the Honorable Court faxed letter brief dated November 30th 2005.

page 3 of 5

4

a Declaration from Monica Lontz was used as evidence in that letter brief, this Declaration at page 2 paragraphs 3 and 4, state a key element - Quote - "It was my expectation upon making the assignment that Anthony Nesbit would be assigned on a "Non-gang" quad within Module C" and at line 4 "and it was my expectation upon making that assignment that William Kotis would be assigned to a Cell in a Non gang quad.

Then 6 days later this same declaration is presented as evidence but it is altered or doctored every thing is suspiciously identical to the Original declaration except the key lines in paragraph 3 and 4 which are underlined in exhibits have been significantly changed from the Original as to leave out key elements in her Original statement, the only persons that can alter, doctor this declaration are defendants attorneys.

Plantiffs Question is how can we get to the truth of the Matter if answers are altered or doctored by defendants attorneys as the exhibits presented herein suggest something fishey and or suspicious has occured, here who made the change, was the change known to Declarent if yes why was the change made.

Plantiffs point on this matter is what if all other Declarations and interrogatories become objects of alteration or doctoring by defendants attorneys deviateing from their Original statements or intentially excl___ of parts of Original Statements or intentional exclusion of Certain defendants answers to interrogatories that infer and show culpability, how can the truth be ascertained when this is going on behind every one backs. Plantiffs believe that Certain defendants want to answer truthfully but are being prevented because of the Questionable tactics as described herein and as evidence suggest, what can be done to remedie this problem?

Plantiffs only wish to present to the Honorable Court unaltered, uncoached, and undoctored answers to interrogatories and defendants declarations.

page 4 of 5

5

Plaintiffs are pro se and do not know if tactics like these are permissable if they are, Plaintiffs have no recourse in this matter however if evidence suggest this is occurring and it is not acceptable conduct then an appropriate solution is warranted in order to get true and accurate statements and answers to interrogatories.

Plaintiffs at this time even if they recieved the Discovery Materials today Feb 1st of which they have not do not have enough time to respond adequately in the time frame already set by the Honorable Court Feb 16th 2006 deadline for supplemental material in Opposition to defendants Motion for Summary Judgement.

Plaintiffs believe that unaltered, uncoached, and undoctored answers to interrogatories as well as defendants declarations will present Genuine issues of Material fact as well as relivant supporting evidence In Opposition to defendants Summary Judgement Motion.

Plaintiffs pray that the Honorable Court Consider Plaintiffs Motion and request herein for Sanctions, Clarification issue, a remedy or solution to get unaltered answers and declarations if relivant, and enlargement of time to adequately litigate and respond **30 days** or what is reasonable to be determined by the Honorable Court or reasonable alternative the Honorable Court deems fit at still is not known when Ordered Discovery Materials will be produced.

Date Feb 1st 2006     Respectfully Submitted

Anthony Nesbit
Plaintiff pro se

page 5 of 5