ORIGINAL



| LINDA LINGLE | | MARK J. BENNETT |
| GOVERNOR | | ATTORNEY GENERAL |
| | | |
| | | LISA M. GINOZA |
| | | FIRST DEPUTY ATTORNEY GENERAL |

**STATE OF HAWAII**
DEPARTMENT OF THE ATTORNEY GENERAL
APPELLATE DIVISION
425 QUEEN STREET
HONOLULU, HAWAII 96813
(808) 586-1360

February 28, 2007

The Honorable Susan Oki Mollway
United States District Court
District of Hawaii
300 Ala Moana Blvd., Room C-409
Honolulu, Hawaii 96850-0409

Re: Nesbit/Kotis v. Dept. Public Safety, et al.,
    Civil Nos. 03-00455 SOM/KSC and 04-00167 SOM/KSC

Dear Judge Mollway:

This letter responds to your correspondence dated February 16, 2007, inviting parties to the above cases to formally seek remand. Defendants strenuously object to any revisitation of these cases. Although plaintiffs have not yet formally (to defendants' knowledge) requested you to indicate your desire to entertain a reconsideration motion, defendants point out in advance that remand for reconsideration is entirely unjustified here.

The Ninth Circuit partially remanded Aholelei to you "**to consider Aholelei's evidence** [e.g., statements from other alleged non-gang member inmates] in the first instance" in order to "[evaluate] whether there has been any violation of his constitutional rights." (Aholelei Mem., Feb. 14, 2007, at 4-5.)(emphasis added). The Ninth Circuit did so because it concluded that you "did not consider any of Aholelei's evidence." Id. at 4. Here, your summary judgment order expressly considers all of the evidence in the record. The Ninth Circuit's reason for remanding Aholelei therefore does not provide grounds for reconsidering your summary judgment ruling or reopening the record in these cases.

As your order clarifies:

   In support of their claim that Defendants knew or should
   have known that the HCF housing policy was unconstitutional,

FEB 2 8 2007

The Honorable Susan Oki Mollway
February 28, 2007
Page 2 of 3

> Nesbit and Kotis supply their own statements and grievances, as well as declarations from other inmates, protesting the HCF housing policy and complaining of their fear and intimidation by gang members. As requested, **the court takes notice of all of the declarations in support of Plaintiffs' claims found in the record**. Those declarations are summarized below.
>
> \* \* \*
>
> These declarations, viewed in the light most favorable to Nesbit and Kotis, set forth a pattern of gang intimidation of certain non-gang members. There are several inescapable conclusions, however, that these statements also show, which Nesbit and Kotis fail to counter. First, with the exception of Inmate Kapela's declaration, which is vague as to dates and details, these declarations concern transfers to HCF months after Nesbit and Kotis arrived, months after the incidents at issue in the present actions, and well after both Nesbit and Kotis were placed in protective custody. None of these statements is from any non-gang inmate who experienced gang member intimidation or violence prior to Nesbit's or Kotis's arrival at HSNF. These inmates' declarations, therefore, do not establish that Defendants knew or should have known of, and were deliberately indifferent to, an "inherent danger" to Nesbit and Kotis when they were transferred to HSNF.
>     Second, according to these statements, excepting again Kapela's, the inmates were either immediately transferred to a different cell or placed in protective custody upon request.

(Nesbit/Kotis Order, May 2, 2006, at 15-20)(emphases added).

Moreover, remand is also unnecessary to correct any error in treating "advance notification [as] a necessary element of an Eighth Amendment failure-to-protect claim." (Aholelei Mem. at 3.) It is clear from your order that you did not base your decision to grant summary judgment on any failure by plaintiffs to provide advance notification of any threats or fears of attack. In fact, your order notes that Nesbit reported on February 19, 2003 being threatened by a gang leader (and was immediately removed from his housing Quad), and Kotis voiced his pre-attack fears of being housed at HCF to "his attorney, his family, the prosecutor, the sentencing judge, and many others." (Nesbit/Kotis Order at 4.)

In sum, remand is unnecessary and entirely unjustified in these cases. The Ninth Circuit's stated reasons for remanding Aholelei simply do not apply here. It is clear from the summary judgment

order that you considered all the evidence in the record, and that you did not base your ruling on any lack of advance notification.  There is no reason to reconsider your summary judgment ruling or reopen the record, as the summary judgment record contains none of the alleged errors that warranted remand in Aholelei.  Accordingly, if either or both plaintiffs do eventually formally request you to indicate whether you would entertain a reconsideration motion, we respectfully ask that you indicate that you will not entertain such a motion.

On a related note, defendants bring to your attention that Aholelei has filed a petition for panel rehearing in the Ninth Circuit.  The Ninth Circuit's disposition of this petition will delay issuance of the mandate in Aholelei v. State of Hawaii, Civ. No. 04-00414 SOM/KSC.

Thank you for your consideration of this letter.  A copy of this letter has been served by mail on plaintiffs Nesbit and Kotis at the Tallahatchie County Correctional Facility.


                                    Sincerely,

                                    Kimberly Tsumoto Guidry
                                    Kimberly Tsumoto Guidry
                                    Girard D. Lau
                                    Deputy Attorneys General
                                    State of Hawaii




Cc:  Anthony Nesbit
     William J. Kotis
     John M. Cregor, Jr., Deputy Attorney General